**Denzel Marie HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64476.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 27, 1982.

**308**

Curtis Pritchard, Cleburne, for appellant.

Gene Knize, County Atty., Waxahachie, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of attempted murder; the punishment is imprisonment for twenty years.

The appellant asserts that the trial court erred: in refusing to quash the indictment, in failing to submit a charge on the lesser included offense of aggravated assault, in commenting on the weight of the evidence, and in allowing the prosecution to question the victim about extraneous threats and offenses. The appellant also complains of the prosecutor's argument at the punishment phase of the trial.

The appellant in her motion to quash the indictment urged that it was insufficient because it failed to allege that she committed an act "amounting to more than mere preparation." We have held that the failure to allege this conclusory language of the statute is not fundamental error. *Hart v. State,* 581 S.W.2d 675 (Tex.Cr.App.1979); *Colman v. State,* 542 S.W.2d 144 (Tex.Cr. App.1976). In this indictment it was alleged that:

> "DENZEL MARIE HALL did then and there intentionally and knowingly and with the specific intent to commit the offense of murder, did then and there attempt to cause the death of an individual, Margaret Hall, by shooting her with a gun . . . ."

We now hold that the allegation that the appellant "did then and there attempt to cause the death of an individual, Margaret Hall, by shooting her with a gun," is a sufficient allegation of facts to allege the appellant's acts amounted to more than mere preparation without the necessity of alleging that conclusion. The court properly overruled the motion to quash the indictment.

■ The appellant in her motion to quash the indictment, and in her brief on appeal, contends that the allegation "with specific intent to commit the offense of murder" failed to give the appellant adequate notice of precisely what she was charged. Her argument is that the offense of murder under the provisions of V.T.C.A. Penal Code, Article 19.02(a)(1), (2) and (3) may be committed by three types of acts and merely alleging "murder" is insufficient. We hold that the use of the word murder as it is alleged in this indictment without further allegations is sufficient to allege the offense of attempted murder. The appellant fails to point out specifically how a more precise allegation was required to give her adequate notice of the offense with which she was charged.

■ The appellant objected to the court's charge because it failed to instruct the jury on the lesser included offense of aggravated assault. Since the evidence fails to show that the appellant, if guilty, was only guilty of aggravated assault, the court did not err in refusing to charge on the lesser included offense. *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981).

■ The appellant's complaint regarding the court's alleged comment on the weight of the evidence, which will be overruled, is based on the court's instruction to the jury that:

"After you retire to the jury room, you should select one of your members as your foreman. It is his duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Foreman."

If this part of the charge is improper, we do not construe this instruction to be a comment on the weight of the evidence which was the trial objection. The form referred to in the charge included a finding of "not guilty."

■ The appellant says the trial court erred in allowing the prosecutor to question the victim about extraneous threats and extraneous offenses. The court allowed the prosecutor to elicit testimony that the appellant had called the victim on the telephone and threatened her life and that they had had an altercation in a department store prior to the charged offense. The evidence was properly admitted to show relevant facts and circumstances surrounding the attempted killing and the relationship existing between the appellant and the victim to show the condition of the appellant's mind at the time of the offense. V.T.C.A. Penal Code, Section 19.06. It has been held that Article 1257a, V.A.P.C. (1925), the predecessor to Section 19.06, was applicable to the offense of assault to murder as well as murder. *Dunlap v. State,* 462 S.W.2d 591 (Tex.Cr.App.1971).

■ The appellant complains of the prosecutor's argument at the punishment phase of the trial when he said:

"On the last—eighteen years probation, the last year probation she can be revoked, that's if she's still on probation because he knows after two years that he can apply and get off of probation even if you assess ten years and in between that time, what are we going to do, bring in Margaret Hall's body to have probation revoked."

Since there was no trial objection to this argument nothing was preserved for review.

The judgment is affirmed.