Floyd E. WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00297–CR.

Court of Appeals of Texas,
San Antonio.

March 16, 1988.

Rehearing Denied May 10, 1988.

Dinah Gaines, San Antonio, for appellant.

Fred G. Rodriguez, Mike Granados, Margaret Embrey, Barbara Hervey, Criminal Dist. Attys., San Antonio, for appellee.

Before REEVES, DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant, Floyd Elliott Williams, was convicted by a jury of attempted capital murder. Punishment was assessed at 99 years' confinement. Appeal has been perfected to this Court. We reverse and remand.

The critical issue is whether the trial court erred in refusing appellant's requested charge on the lesser and included offense of aggravated assault. Because we agree the refusal was reversible error, we will not address the remaining points. TEX.R.APP.P. 90(a).

The two step analysis for determining whether a charge on a lesser included offense should be given requires first, that the lesser included offense be included within the proof necessary to establish the offense charged; and second, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Royster v. State*, 622 S.W.2d 442 (opinion on rehearing) (Tex.Cr.App.1981). The elements of aggravated assault applicable to the instant case are (1) a person, who (2) intentionally, knowingly, or recklessly (3) commits an assault (4) using a deadly weapon. See *Rocha v. State*, 648 S.W.2d 298 (opinion on rehearing) (Tex.Cr.App. 1982). A person commits an assault by threatening another with imminent bodily injury. V.T.C.A. Penal Code, Sec. 22.-01. Aggravated assault and reckless conduct are lesser included offenses of attempted murder and attempted capital murder. See *Ethridge v. State*, 648 S.W.2d 306 (Tex.Cr.App.1983); *Rocha,*

*supra*; *Gallegos v. State*, 548 S.W.2d 50 (Tex.Cr.App.1977); Art. 37.09, V.A.C.C.P. *Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim.App.1986) (en banc). However, the evidence relied upon which would require a charge on the lesser offense of aggravated assault must raise the fact issue that an appellant if guilty, is guilty of only the lesser offense. *Ruiz v. State*, 523 S.W.2d 691 (Tex.Crim.App.1975); *Thompson v. State*, 521 S.W.2d 621 (Tex.Crim.App.1974). If the evidence relied upon by the appellant to raise the lesser offense raises the fact issue that the appellant is guilty of nothing, the charge on the lesser offense is not required. *Godsey v. State*, 719 S.W.2d at 584; *Cato v. State*, 534 S.W.2d 135, 138 (Tex.Crim.App.1976); *Hall v. State*, 640 S.W.2d 307 (Tex.Crim.App.1982) (en banc); *Robinson v. State*, 630 S.W.2d 394, 399 (Tex.App.—San Antonio 1982, pet. ref'd). The issue therefore, is whether the evidence here raised the fact issue that the appellant, if guilty, was only guilty of the lesser offense of aggravated assault. We will review the evidence in the record which tends to support that contention.

The only eye witnesses to the incident were the appellant and the complainant, Michael Sopher. Both agreed that Sopher surprised the appellant in the act of burglarizing Sopher's apartment; that appellant threatened Sopher with Sopher's loaded rifle, which appellant found in the apartment; that Sopher was in the vicinity of the front door, between the appellant and the only exit from the apartment; that Sopher grabbed the rifle and struggled from 8–12 minutes with the appellant for its possession; that during the struggle, the gun, which automatically reloaded, went off several times, causing Sopher to be struck in the shoulder with the last shot; that appellant took Sopher's wallet and left with the gun.

Private investigator Alfonso C. Alonzo testified that Sopher told him that he grabbed the gun because the appellant was trying to leave the apartment, and Sopher wanted to hold him for the police. Sopher denied this during the trial.

Bexar County Firearms Toolmark Examiner, Richard Stengel, testified that in a struggle for a rifle, the rifle can be discharged by either having a finger pull the trigger or by the application of pressure upon the trigger finger.

Appellant further testified that he told Sopher he did not want to shoot him, but only wanted to be permitted to leave; that Sopher was a big, strong man, who moved as if to let the appellant out, but suddenly grabbed the rifle and the struggle occurred; that he had no intention of shooting Sopher and had nothing to gain by doing so; that he could have shot Sopher at any time before the struggle or after Sopher was injured; that he felt Sopher's back and neck after Sopher was shot and was aware Sopher was alive when he left; and that Sopher had a better control of the rifle and had his finger on the trigger when the shots went off. We hold that the evidence raised the issue that appellant, if guilty, could be guilty of aggravated assault only. The requested charge on aggravated assault should have been granted.

After conceding that aggravated assault is a lesser included offense of attempted capital murder, the State counters that the evidence did not "raise the issue of intent to do less than kill." The State relies on *Harrell v. State*, 659 S.W.2d 825 (Tex.Crim. App.1983) (en banc); *Hall v. State, supra;* and *Robinson v. State, supra.* The State's reliance is misplaced.

In *Harrell v. State, supra,* the Court held that an appellant who admits shooting the deceased, but testifies he intended to only hit him in the arm, is guilty of murder under TEX. PENAL CODE ANN. § 19.02(a)(2). This is so because he intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused the death of the deceased. Thus, a charge on aggravated assault was not required.

In *Hall v. State*, 640 S.W.2d at 309, the Court merely stated that "the evidence fails to show that the appellant, if guilty, was only guilty of aggravated assault," without discussing the facts.

In *Robinson v. State*, 630 S.W.2d at 399, this Court held that an appellant who presents evidence which merely "sought to justify his actions on his right to defend himself," does not "raise the issue of intent to accomplish any act less than the death of [the deceased]." Thus, he was not entitled to a charge on aggravated assault.

These cases are distinguishable from the case before us. Not only appellant's testimony but the testimony of others including the complainant raised a reasonable issue that the appellant, if guilty, could be guilty of only aggravated assault.

The State, relying on *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985) (en banc), next contends the appellant has not shown harm because his story was "weak and incredible," and the jury having found him guilty of attempted capital murder, "obviously [chose] not to believe his story."

"It is also well recognized that a defendant is entitled to an instruction on every issue raised by the evidence, whether produced by the State or the defendant, and whether it be strong, weak, unimpeached, or contradicted." *Thompson v. State*, 521 S.W.2d 621, 624 (Tex.Crim.App.1974). Further, it cannot be reasonably argued that because the jury convicted appellant of attempted capital murder, any entitlement he might have had to a charge on aggravated assault somehow vanished since the jury obviously disbelieved him. The court's refusal to submit the charge on the lesser offense left the jury with an all-or-nothing choice of either attempted capital murder or setting the appellant free. We have no way of knowing how the jury would have applied the law to the facts had it been instructed on the lesser offense of aggravated assault. *Godsey v. State*, 640 S.W. 2d 336, 337 (Tex.App.—San Antonio 1982), *rev'd on other grounds*, 719 S.W.2d 578 (Tex.Crim.App.1986) (en banc).

In *Almanza v. State*, 686 S.W.2d 157, the Court declared a distinction in the standards required for reversal when the error has been preserved by timely objection and when no timely objection has been made stating:

> After researching Texas statutory and decisional law from 1857 forward, we have concluded that Article 36.19 actually separately contains the standards for *both* fundamental error and ordinary reversible error. If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of defendant,' which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.

> On the other hand, if no proper objection was made at trial and the accused must claim that the error was 'fundamental,' he will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.'

> In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

*Almanza v. State*, 686 S.W.2d at 171.

■ Appellant here requested the charge on the lesser offense of aggravated assault and properly preserved the objection. Therefore, the issue is clearly whether the omission of the requested charge resulted in "some harm to the [appellant]." *Almanza v. State*, 686 S.W.2d at 171.

The appellant was entitled to have the jury consider the lesser offense of aggravated assault. Since we have no way of knowing how the jury would have applied the law to the facts had it been instructed on the lesser offense of aggravated assault, we must hold that the appellant was harmed by the error.

The judgment is reversed and the cause is remanded for a new trial.