**John Garland BRYANT, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–89–313–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 24, 1991.

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Asst. Crim. Dist. Atty., Chief of the Appellate Section, and Christian Harrison, Asst. Crim. Dist. Atty., Fort Worth, for State.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

HILL, Justice.

John Garland Bryant appeals his conviction by a jury of the offense of murder. The jury assessed his punishment at thirty-five years in the Texas Department of Criminal Justice, Institutional Division. Bryant contends in three points of error that the trial court erred by: (1) failing to charge the jury on the lesser-included offense of aggravated assault; (2) failing to apply the law of voluntariness of conduct to the facts of the case; and (3) admitting into evidence Bryant's oral response to a question by the police at the scene of the offense.

We affirm because: (1) Bryant was not entitled to a charge on the lesser-included offense of aggravated assault since there was no evidence that if Bryant were guilty at all he was only guilty of the offense of aggravated assault, and under the facts of this case aggravated assault was consistent with the lesser-included offense of involuntary manslaughter, which was submitted to the jury; (2) Bryant was not entitled to a charge applying the voluntariness of his conduct because the evidence did not support such a charge; and (3) the trial court did not err in admitting Bryant's statement that he shot the deceased since the statement was *res gestae* of his arrest and the officer's question as to who shot the deceased fell within the public safety exception to the *Miranda* requirement.

■ Bryant urges in point of error number one that the trial court erred by failing to charge the jury on the lesser-included offense of aggravated assault. We must determine whether the evidence shows a lesser-included offense within the proof of the offense charged and whether there is evidence in the record that if Bryant is guilty, he is not guilty of the alleged offense but is guilty only of the lesser-included offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981) (en banc) (opinion on reh'g).

Bryant shot his wife on February 7, 1988, resulting in her death. The State contended, and the jury found, that he in-tentionally killed her. At trial, Bryant testified that he shot her accidentally when he picked up a pistol, with the hammer cocked, that was lying on the bed.

Bryant was charged with murder under sections 19.02(a)(1) and 19.02(a)(2) of the Texas Penal Code. Under TEX.PENAL CODE ANN. sec. 19.02(a)(1) (Vernon 1989), the State was required to prove that he intentionally or knowingly caused his wife's death. Under TEX.PENAL CODE ANN. sec. 19.02(a)(2) (Vernon 1989), the State was required to prove that he intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused his wife's death.

To convict Bryant of the offense of aggravated assault under TEX.PENAL CODE ANN. sec. 22.02(a) (Vernon Supp. 1991), the State would be required to prove that Bryant intentionally, knowingly, or recklessly caused serious bodily injury, which in this case was death, to his wife.

Under the facts of this case, the evidence raised two possibilities. Bryant either killed his wife knowingly and intentionally or she was killed accidentally when he picked up the gun. Under neither set of facts is he entitled to a charge on aggravated assault.

If the evidence raised facts showing that Bryant intentionally or knowingly shot his wife, causing her death, but did not intend to kill her, then those facts, although consistent with the offense of aggravated assault, also coincide with those of murder under section 19.02(a)(2). Consequently, the charge of aggravated assault was preempted by the charge given based on section 19.02(a)(2).

If the evidence raised facts showing that Bryant recklessly shot his wife, causing her death, then those facts, although consistent with the offense of aggravated assault, also coincide with those of involuntary manslaughter because involuntary manslaughter is committed when one recklessly causes the death of an individual. TEX.PENAL CODE ANN. sec. 19.05(a)(1) (Vernon 1989). Therefore, the charge of aggravated assault was preempted by the charge given on involuntary manslaughter.

Because the offenses coincide, Bryant cannot assert that the evidence shows that if he is guilty he is guilty only of aggravated assault, as opposed to an offense upon which a charge was given.

Bryant relies on the cases of *Rocha v. State*, 648 S.W.2d 298 (Tex.Crim.App. [Panel Op.] 1982), *Lawson v. State*, 775 S.W.2d 495 (Tex.App.—Austin 1989, pet. ref'd), *Jackson v. State*, 753 S.W.2d 706 (Tex. App.—San Antonio 1988, pet. ref'd), and *Castillo v. State*, 686 S.W.2d 377 (Tex. App.—San Antonio 1985, no pet.). We have examined all of these cases and find that none involved the issue of whether a charge of aggravated assault is required where a charge on involuntary manslaughter has been given. We overrule point of error number one.

■ Bryant urges in point of error number two that the trial court erred by failing to apply the law of voluntariness of conduct to the facts of the case. We hold that under the facts of this case that he was not entitled to an instruction applying the voluntariness of his conduct. *See George v. State*, 681 S.W.2d 43, 47 (Tex.Crim.App. 1984).

Bryant relies on the cases of *Garcia v. State*, 605 S.W.2d 565 (Tex.Crim.App. [Panel Op.] 1980), *Whitehead v. State*, 696 S.W.2d 221 (Tex.App.—San Antonio 1985, pet. ref'd) and *Joiner v. State*, 696 S.W.2d 68 (Tex.App.—San Antonio 1985), *rev'd*, 727 S.W.2d 534 (Tex.Crim.App.1987). We first note that *Joiner* was reversed by the Texas Court of Criminal Appeals, which held that the charge on the voluntariness of Joiner's conduct was not required where he had shot the deceased and there was testimony that he had said it was an accident. *Joiner*, 727 S.W.2d at 537. In *Garcia*, the conviction was reversed because the trial court did not give a charge on the defense of accident. *Garcia*, 605 S.W.2d at 566. As we have previously noted, no such charge is now required. If *Garcia* were construed to require the giving of a charge on the voluntariness of the defendant's conduct, we find our facts to be more nearly like those in *George*, a more recent opinion from the court of criminal appeals. *See*

*George*, 681 S.W.2d at 46–47. In *Whitehead*, the State confessed error in the omission of the charge and admitted that reversal would be required. *Whitehead*, 696 S.W.2d at 221. We overrule point of error number two.

■ Bryant contends in point of error number three that the trial court erred in admitting into evidence his oral response to a question asked by the police at the scene. He claims that his oral statement was not admissible under TEX.CODE CRIM.PROC. ANN. art. 38.22 (Vernon 1979) because it did not lead to the discovery of evidence. He also argues that he had not been informed of his constitutional rights as required by the case of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Before police arrived at the residence, the dispatcher advised them that the actor was still in the house. When police arrived at Bryant's residence, they ordered everyone out of the house. Four people exited, all of whom were unknown to the officers. The four included Bryant, his stepdaughter, and two children. The officers then entered the house where they discovered the body of the victim with an apparent gunshot wound. The officers discovered a pistol on the headboard of the bed where the deceased lay. One of the officers went back outside and inquired of the people standing outside "Who shot her?" According to the officer, Bryant answered, "I shot her."

The police did not advise Bryant or any of the others of their rights as set forth in *Miranda* prior to his making that statement. The officer stated that he was unsure if the person who had shot the deceased was among those to whom he asked the question. After Bryant stated that he had shot the deceased, police officers formally placed him under arrest and, for the first time, advised him of his rights as required by *Miranda*.

■ We hold that the statement made by Bryant was admissible as part of the *res gestae* of the arrest. TEX.CODE CRIM. PROC.ANN. art. 38.22, sec. 5 (Vernon

1979); *Miles v. State,* 488 S.W.2d 790, 792 (Tex.Crim.App.1972). Such a statement is admissible without *Miranda* warnings. *Miles,* 488 S.W.2d at 792, n. 3. Also, we note that at the time in question the officer was looking for someone who might be armed with a weapon and who had just shot the deceased. We hold therefore that the officer was not required to advise Bryant of his rights under *Miranda* on this occasion because of the public safety exception to *Miranda* as recognized in *New York v. Quarles,* 467 U.S. 649, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984).

Bryant relies primarily on *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) and *Jones v. State,* 742 S.W.2d 398 (Tex.Crim.App.1987). We find those cases to be distinguishable. In *Rhode Island,* the issue was whether a conversation between two police officers constituted subtle questioning of the defendant, who had been warned of his rights and had invoked his right to counsel. The Court held that the conversation between the two officers concerning the safety hazard to handicapped children in the area of a weapon and shells lying around was not subtle questioning of the defendant. *Rhode Island,* 446 U.S. at 302–303, 100 S.Ct. at 1690. The case did not involve a statement that was *res gestae* of the arrest. If there were a public safety issue, it was not reached in view of the court's finding that there was no questioning of the defendant. *Jones* involved the admissibility of a videotape examination of an individual arrested for driving while intoxicated. There was no issue of the *res gestae* of the arrest, nor was there any public safety issue involved as in this case. *Jones,* 742 S.W.2d at 399. We overrule point of error number three.

The judgment of conviction is affirmed.