Rafael Pizana v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-353-CR

     RAFAEL PIZANA, JR.,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 12th District Court
Madison County, Texas
Trial Court # 10380
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                
 
     Pizana was convicted of murder, and the jury assessed punishment at twenty years in prison. 
Tex. Penal Code Ann. § 19.02(b)(1) (Vernon 1994). Pizana complains of two issues on appeal:
(1) the trial court erred by overruling Pizana’s objection to the failure of the charge to include the
lesser included offense of aggravated assault, and (2) the trial court erred by allowing an
emergency medical technician to give an opinion of the relative time of death of the victim. We
affirm the trial court’s judgment.
 
LESSER INCLUDED OFFENSE
      The court’s charge included the offenses of murder, manslaughter, and negligent homicide. 
Pizana’s objection that the charge failed to include the offense of aggravated assault was overruled. 
Pizana argues he was entitled to a jury instruction on the lesser included offense of aggravated
assault because he accidentally shot his wife, Joann, when he lowered the gun from his chin, or
shot her by accident when he shot three times at the floor where she lay.
      A defendant is entitled to an instruction on a lesser included offense if (1) proof of the charged
offense includes the proof required to establish the lesser included offense, and (2) there is some
evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he
is guilty only of the lesser offense. Cardenas v. State, 30 S.W.3d 384, 392 (Tex. Crim. App.
2000); Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App.) cert. denied, 510 U.S. 919,
114 S.Ct. 313, 126 L.Ed.2d 260 (1993).
      Pizana was charged with murder under section 19.02 (b)(1), which required the State to prove
he intentionally or knowingly caused the death of Joann. Tex. Penal Code Ann. § 19.02 (b)(1)
(Vernon 1994). To convict Pizana of the offense of aggravated assault, the State would have to
prove Pizana intentionally, knowingly, or recklessly caused serious bodily injury, in this case,
death, to Joann. Tex. Penal Code Ann. § 22.02 (Vernon 1994); Tex. Penal Code Ann. §
22.01 (Vernon 1994). Evidence was admitted at trial that showed Pizana made two voluntary
written statements that the gun went off when he lowered it from his chin and one voluntary oral
statement that he accidentally shot Joann when he shot three times near where she lay on the floor. 
Under the facts of this case, the evidence raised three possibilities. Pizana shot Joann: (1)
intentionally or knowingly; (2) accidently when Pizana lowered the gun from his chin; or (3) when
he accidently shot her when he shot three times near where she lay on the floor.
      If Pizana shot Joann intentionally or knowingly, causing her death, but without intent to kill
her, the evidence would be consistent with both aggravated assault and murder as charged. 
Consequently, the aggravated assault charge would be preempted or merged into the murder
charge. Bryant v. State, 816 S.W.2d 554, 555 (Tex. App.—Fort Worth 1991, no pet.).
      If Pizana shot Joann recklessly, causing her death, then the evidence would be consistent with
both aggravated assault and manslaughter. Consequently, the aggravated assault charge would be
preempted or merged into the manslaughter charge. Id.
      Because the offenses merge, the evidence cannot be said to show that if Pizana is guilty, he
is guilty only of aggravated assault. Thus, Pizana does not satisfy the second prong of the
Rousseau test, and the trial court did not err in refusing to charge the jury on the offense of
aggravated assault. Pizana’s first issue is overruled.
ADMISSIBILITY OF EVIDENCE
      Assuming without deciding, that admitting the testimony of Cathy Wall concerning the
relative time of death of Joann was error, we will review the admission for harm. Rule 44.2(b)
requires that an evidentiary error that does not affect substantial rights of the defendant be
disregarded. Tex. R. App. P. 44.2(b).
      The purpose of the line of questioning complained of by Pizana was to establish that Pizana
waited some time after shooting Joann before he called 911. The evidence shows the shooting
occurred between 9:45 P.M. and 10:30 P.M. and the 911 call was placed at 11:00 P.M. Pizana’s
own voluntary statements also indicate there was a lapse of time between the shooting and his call
to 911.
      Because there is sufficient evidence from other sources to show the time line between the
shooting and the call to 911, admission of Wall’s testimony did not affect the substantial rights of
the defendant. We overrule Pizana’s second issue.
CONCLUSION
      Having overruled Pizana’s two issues we affirm the judgment.
 
                                                                         TOM GRAY
                                                                         Justice
 
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 8, 2002
Do not publish
[CR25]