**Lester Eugene WHITEHEAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00335–CR.**

Court of Appeals of Texas, San Antonio.

July 31, 1985.

C. David Evans, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Daniel Thornberry, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for murder following a jury trial. The judge assessed punishment at thirty-five years' confinement.

The first ground of error is that the trial court erred in refusing to grant appellant's specially requested charge on voluntariness.

Though his testimony was not without contradiction, the appellant stated that he did not intentionally shoot the deceased, but that the gun went off when someone grabbed him from behind.

The appellant requested in writing that the trial judge instruct the jury to find the defendant not guilty if they found his action in shooting the deceased was not voluntary or if they had a reasonable doubt thereof. The trial court refused to submit the requested charge.

A defensive jury issue must be submitted upon request when some evidence is offered to support that issue, regardless of how strong or feeble, unimpeached or contradicted that evidence may be. *Warren v. State,* 565 S.W.2d 931, 933–34 (Tex.Crim.App.1978). Where the evidence warrants it, a defendant is entitled to a requested charge on the issue of the voluntariness of his acts. *Garcia v. State,* 605 S.W.2d 565, 566 (Tex.Crim.App.1980).

The State concedes that the testimony of the appellant alone is sufficient to raise the issue of voluntariness. *London v. State,* 547 S.W.2d 27, 29 (Tex.Crim.App. 1977). The State further concedes that the requested instruction properly preserved any error, and under the case law applicable at the time of trial, a reversal would be required.

The State raises only the question of whether the recent decision in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984) would require a different result. TEX. CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981) as interpreted by *Almanza,* 686 S.W.2d at 171, requires reversal for an error that has been properly preserved only if there is some harm to the accused from the error. The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

Applying that criteria, we note that the jury charge permitted the jury to convict only if they believed the death was "intentionally or knowingly" caused by the accused. Any efforts of the jury to apply these instructions to a finding of accidental or involuntary shooting were minimized by the effective argument of the prosecutor:

> There is no reference to accident in this charge. You only deal with the law contained in the charge. No accident. You will not find accidental shooting in this charge. That has nothing to do with this case.

Under the record of the trial court as a whole, we are unable to hold that the appellant did not suffer some harm by the refusal of the requested charge. So if *Almanza* applies, the result would still be a reversal.[1]

1. We have some reservation as to whether *Almanza* would apply. *Almanza* was decided on rehearing February 27, 1985. This case was tried in March 1984. A retroactive application of *Almanza* would be required. Retroactive effect is usually restricted to new constitutional doctrine that goes to the fairness of the trial and the very integrity of the fact-finding process. *Ex parte Pennington,* 471 S.W.2d 578, 583 (Tex. Crim.App.1971). The matter here is not of constitutional dimension nor does it go to the integrity of the trial process itself. Rather it goes strictly to the review process. There is authority that such changed rules be applied prospectively only. *Ex parte Jones,* 562 S.W.2d 469, 471 (Tex.Crim.App.1978). The First Court of Appeals recently applied *Almanza* to a direct appeal without discussing retroactivity. *See*

The first ground of error is sustained. The other grounds of error are overruled.

The judgment is reversed, and the cause is remanded for a new trial.

*McCloud v. State,* 692 S.W.2d 580 (Tex.App.—Houston [1st Dist.], 1985, no pet.) (not yet reported). There is also authority that it should make no difference whether it is a direct appeal or a collateral attack. *Williams v. United States,* 401 U.S. 646, 657, 91 S.Ct. 1148, 1155, 28 L.Ed.2d 388, 397 (1971).