Stanley PAYNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–97–01048–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 3, 1999.

Troy J. Wilson, Houston, for appellant.

John B. Holmes, Houston, Robert Francis McStay, Houston, for appellee.

Panel consists of Justices O'CONNOR, HEDGES, and ANDELL.

## OPINION

O'CONNER, J.

A jury found Stanley Payne, the appellant, guilty of murder and assessed punishment at five years confinement. We reverse and remand.

### Background

The appellant owned an agency that provided care to nursing home patients. Virgie Moore, who owned Moorehaven Personal Care Home, hired the appellant's agency. The complainant, Michael Moore, was Virgie's son and an employee of the appellant's agency. On October 25, 1996, the appellant fired Michael. The next day, Michael, the appellant, and the appellant's fiancee, Joanna Williams, were arguing in the hallway of Moorehaven, possibly over Michael's termination.

Just before the shooting, Michael had been standing in front of Joanna. According to the appellant and Joanna, Michael had threatened her and tried to kiss her. The appellant pulled out a gun and held it to Michael's neck. Michael attempted to slap the gun away, and the appellant fired twice. Michael died from a gunshot through the neck. The second bullet struck Joanna in her hip.

### Instruction on Accident

■ In point of error three, the appellant asserts the trial court erred in denying his request for a jury instruction on the voluntariness of his actions.

■ A defendant is entitled to a charge on the issue of the voluntariness of his acts when warranted by the evidence. *Brown v. State,* 955 S.W.2d 276, 280 (Tex.Crim.App. 1997). A defendant is not entitled to such a charge when the defendant was acting alone when the gun "accidentally" fired, causing injury. *See id.* at 280; *see also George v. State,* 681 S.W.2d 43, 47 (Tex.Crim.App. 1984). To be entitled to the charge, there must be evidence of an independent event, such as the conduct of a third party, that could have precipitated the discharge of the bullet. *See Brown,* 955 S.W.2d at 277 (gun discharged when defendant was bumped from behind); *Whitehead v. State,* 696 S.W.2d 221, 222 (Tex.App.—San Antonio 1985, pet. ref'd) (gun discharged when someone grabbed defendant from behind).

The appellant claims the issue of whether the gun went off accidently was raised by his testimony and that of three witnesses. The appellant testified he pointed the gun close to Michael's head, Michael made a swing at the gun, Michael grabbed the appellant's arm, there was a brief struggle, and the appellant thought Michael's hands were still on his wrist when the gun fired the second time. The appellant said the gun discharged the first time when Michael made contact and discharged the second time when Michael pulled the gun downward.

A police officer testified the appellant told him the shooting was an accident. The firearms expert stated the "only way that [he knew]" the gun would unintentionally discharge was if someone was disassembling the gun while it was loaded. Joanna testified the gun went off when Michael hit the appellant's hand. Johnny Rodriguez, Moorehaven's janitor and a witness to the shooting, testified the gun discharged when Michael tried to take the gun away by slapping at it.

The State asserts there was no evidence from any source suggesting the gun discharged for any reason other than the appel-

lant's pulling the trigger. The State relies on testimony that conflicts with the appellant's version of what happened. The firearms expert testified the gun could accidently discharge only if someone attempted to disassemble the gun while the chamber was loaded. When asked if the gun could accidently discharge if it were struck, the expert replied, "No. That's not reasonable." The State also relies on the appellant's statement that he did not tell the police he accidently shot a man.

■ We do not agree with the State. The evidence raised the issue of whether the appellant's conduct was voluntary. A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of whether it is strong, feeble, unimpeached, or contradicted and even if the trial court is of the opinion that the testimony is not entitled to belief. *Brown,* 955 S.W.2d at 279. The defendant's testimony alone may be sufficient to raise a defensive theory requiring a charge. *Id.* Therefore, the appellant was entitled to an instruction on the voluntariness of his act.

We sustain point of error three and do not address points of error one, two, and four.

We reverse the trial court's judgment and remand the cause for a new trial.

Justice HEDGES concurring.

HEDGES, Justice, concurring.

I concur with the majority's result, but I write separately to conduct a harm analysis.

The majority holds that the trial court erred in refusing a charge on whether the appellant's conduct was voluntary and then reverses without a harm analysis. I would conduct such an analysis because without it we have fashioned a per se harmful error rule that I believe is unwarranted.

In *Butler v. State,* 981 S.W.2d 849, 857 (Tex.App.—Houston [1st Dist.], pet. filed), we found error when the trial court denied a charge on the voluntariness of the defendant's conduct in shooting the decedent. Conducting a harm analysis, we found no harm because the charge authorized the jury to convict on either of two alternate theories

of the cause of death, shooting and bludgeoning. The voluntariness instruction related only to the shooting theory, leaving the bludgeoning theory a proper consideration for the jury.

Justice Andell dissented on the basis that a harm analysis was improper, citing *Brown v. State*, 955 S.W.2d 276, 280 (Tex.Crim.App. 1997). While it is true that the *Brown* court did not specifically conduct a harm analysis, the court did not announce a rule of per se harm when a voluntariness instruction is improperly denied. To imply such a rule in *Brown* sets a dangerous precedent and would have led to an absurd result in *Butler*.

Just because harm is evident, as it is here, does not absolve us from conducting the analysis nonetheless. Too often we neglect a harm analysis because the outcome is predetermined by the force of the record. I believe that such practice is a mistake and can lead to per se harm rules no one really intended. Having explained my reasoning, I now conduct a harm analysis.

Because the appellant properly preserved error with an objection to the charge, we will reverse only "as long as the error is not harmless." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985). The presence of any harm, regardless of degree, that results from preserved error is sufficient to require reversal of the conviction. *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App. 1986). When conducting a harm analysis, we consider the following factors: (1) the charge itself; (2) the state of the evidence, including contested issues and the weight of probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Bailey v. State*, 867 S.W.2d 42, 43 (Tex.Crim.App. 1993).

The appellant's defense relied on his assertion that the gun accidently discharged. During closing arguments, defense counsel asserted the appellant did not intentionally pull the trigger and the shooting was an accident. Defense counsel told the jury "that what it narrows down to in this case is whether or not Mr. Payne intended to shoot that gun, whether he knowingly shot that gun at Michael Moore. . . . "

The jury charge tracked the Penal Code provisions regarding self-defense, use of deadly force, and defense of third persons. *See* Tex.Pen.Code §§ 9.31, 9.32, 9.33. The application paragraph applied the law of self-defense, use of deadly force, and defense of third persons to the facts. Although the evidence raised the issue of voluntariness, the jury was not given the opportunity to reach a finding of accidental or involuntary shooting. *See Butler*, at 857. Accordingly, the appellant was harmed by the error.