**Stanley PAYNE, Appellant,**

v.

**The STATE of Texas.**

No. 624–99.

Court of Criminal Appeals of Texas.

Feb. 9, 2000.

Troy J. Wilson, Houston, for appellant.

Robert F. McStay, Jr., Assist. DA, Houston, Jeffrey L. Van Horn, Assist. State Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of a unanimous Court.

A jury convicted appellant of murder and sentenced him to five years confinement. *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 1994). The First Court of Appeals reversed appellant's conviction and remanded the case for a new trial, holding that the lower court erroneously denied appellant's request for a jury instruction on the voluntariness of his conduct. *Payne v. State*, 985 S.W.2d 682, 683 (Tex. App.—Houston [1st Dist.] 1999). In reaching its conclusion, the appellate court did not conduct a harm analysis. We granted the State's Petition for Discretionary Review to determine whether the appellate court erred by reversing appellant's conviction without first applying the relevant harmless error test.

On the day of the shooting, appellant and appellant's fianceé, Joanna Williams ("Williams"), got into an argument with the victim. The victim threatened Williams and tried to kiss her. Appellant then pulled out a gun and held it to the victim's neck. The victim attempted to slap the gun away and the gun discharged twice—the first bullet fatally striking the victim in the neck and the second bullet hitting Williams in the hip. Both Williams and a janitor who witnessed the incident testified that the gun went off when the victim hit appellant's hand.

At trial, appellant requested and was denied a jury instruction on the voluntariness of his conduct. In the Court of Ap-

peals, appellant argued, *inter alia,* that the trial court's failure to give the requested instruction was error. The appellate court opined that there was evidence in the record raising the issue of voluntariness and that appellant was entitled to the requested instruction. *Payne,* 985 S.W.2d at 683. The majority did not conduct any type of harm analysis before concluding that the error merited a new trial. *See id.* In a concurring opinion, Justice Hedges determined that a harm analysis was warranted under these circumstances and believed that without it, the majority had fashioned a "per se harmful error rule" that was not supported by precedent. *Id.* (Hedges, J., concurring). Justice Hedges nevertheless concluded that appellant was harmed by the error and therefore joined the court's judgment.

We granted review on the limited question of whether "the trial court's error in failing to instruct the jury on voluntariness of conduct [is] subject to a harm analysis." We conclude that it is and that the appellate court erred in reversing the conviction without first applying the factors set forth in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984) (opinion on reh'g). This Court has held that, "[e]xcept for certain federal constitutional errors labeled by the Supreme Court as 'structural,' no error ... is categorically immune to a harmless error analysis." *Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim.App.1997) (footnote omitted). The trial court's failure to give a requested jury instruction on a statutory defense does not amount to "structural error" under *Cain* and is subject to a harm analysis under *Almanza. See, e.g., Granger v. State,* 3 S.W.3d 36, 41 (Tex.Crim.App.1999)

(holding appellant entitled to "mistake of fact" instruction and remanding for additional proceedings consistent with *Almanza* ).

Appellant acknowledges the ruling in *Cain.* Nevertheless, he points out that three months after this Court handed down its decision in *Cain,* we held, without conducting a harm analysis, that the appellate court properly reversed a conviction where the evidence at trial warranted a voluntariness instruction and the trial court failed to give that instruction. *See Brown v. State,* 955 S.W.2d 276, 280 (Tex. Crim.App.1997).[1] Based on *Brown,* appellant maintains that a harm analysis in these circumstances is implicit in the error analysis. He argues that where the state offers only one theory of causation, as it did here and in *Brown,* a failure to instruct the jury on the issue of voluntariness is inherently harmful and any additional harm analysis would be superfluous.

We cannot agree that *Brown* spawned any sort of *per se* rule requiring reversal wherever a voluntariness instruction is improperly denied.[2] As the *Cain* Court stated: "[I]t may be true that some kinds of errors ... will never be harmless ... and that some other kinds of errors will rarely be harmless. But, appellate courts should not automatically foreclose the application of the harmless error test to certain categories of error." *Cain,* 947 S.W.2d at 264. Thus, while the *Brown* Court did not conduct a harmless error analysis, that opinion should not be read so as to imply a rule of *per se* harm whenever a trial court improperly denies a voluntariness instruction. Even where harm is clearly evident from the record, an appellate court should

---

1. Specifically, the *Brown* Court held as follows:

    We hold that if the admitted evidence raises the issue of the conduct of the actor not being voluntary, then the jury shall be charged, when requested, on the issue of voluntariness. The trial court did not grant appellant's request and the court of appeals correctly reversed the trial court.

*Id.* at 280.

2. In *Brown,* we granted the State's petition on the limited issue of whether the trial court's refusal to give a requested voluntariness instruction was error. *See Brown,* 955 S.W.2d at 277 n. 1. The State did not argue, and thus we did not address, the additional issue of whether the error was harmful.

analyze the case under the *Almanza* factors.

The Court of Appeals erred in failing to conduct a harm analysis. The judgment of the Court of Appeals is therefore vacated, and the case remanded for additional proceedings consistent with *Almanza*.