Stanley PAYNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–97–01048–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 2, 2000.

Rehearing Overruled Dec. 22, 2000.

Troy J. Wilson, Houston, for Appellant.

John B. Holmes, Robert F. McStay, Houston, Jeffrey L. Van Horn, Austin, for State.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.[1]

## OPINION ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

MICHOL O'CONNOR, Justice.

A jury found Stanley Payne, the appellant, guilty of murder and assessed punishment at five years confinement. In the original appeal, we reversed the appellant's conviction and remanded the case for a new trial, holding that the lower court erroneously denied the appellant's request for a jury instruction on the voluntariness of his conduct. *Payne v. State*, 985 S.W.2d 682, 683 (Tex.App.—Houston [1st. Dist.] 1999), *vacated*, 11 S.W.3d 231 (Tex.Crim. App.2000). The State filed a petition for discretionary review, arguing we erred by reversing the conviction without conducting a harm analysis. The Court of Criminal Appeals vacated and remanded to this Court, holding we erred in reversing the conviction without first applying the factors set forth in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985). *Payne*, 11 S.W.3d at 232.

## Harm Analysis

We have already determined the trial court erred by denying the appellant's request for a jury instruction on the voluntariness of his conduct. *Payne*, 985 S.W.2d at 683. Next, we must determine whether sufficient harm was caused by the error to require reversal. *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App.1986). Because the appellant properly preserved error with an objection to the charge, we will reverse only "as long as the error is not harmless." *Almanza*, 686 S.W.2d at 171. The presence of any harm, regardless of degree, that results from preserved error is sufficient to require reversal of the conviction. *Arline*, 721 S.W.2d at 351.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

**376**

When conducting a harm analysis, we consider the following factors: (1) the charge itself; (2) the state of the evidence, included contested issues and the weight of probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Bailey v. State*, 867 S.W.2d 42, 43 (Tex.Crim.App.1993).

■ The appellant's sole defense relied on his assertion that the gun accidentally discharged. The appellant and three witnesses testified the gun went off when the victim slapped at the appellant's hand. Additionally, during closing arguments, defense counsel asserted the appellant did not intentionally pull the trigger and the shooting was an accident. Although the evidence clearly raised the issue of voluntariness, the jury was not given the opportunity to reach a finding of accidental or involuntary shooting. *See Butler v. State*, 981 S.W.2d 849, 857 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd). (Where evidence clearly supported guilt under alternate theories, the court held the denial of a voluntariness instruction was harmless.)

Here, the voluntariness of the appellant's actions in firing the gun was the appellant's primary defense; he was entitled to have the jury rule upon that defense and was harmed in not having the requested instruction submitted to the jury. *See Miller v. State*, 815 S.W.2d 582, 586 (Tex.Crim.App.1991). We conclude the appellant did suffer some harm by the trial court's erroneous denial of his properly requested jury instruction. *See Hill v. State*, 765 S.W.2d 794 (Tex.Crim.App. 1989).

We reverse the trial court's judgment and remand the case to the trial court for a new trial.