Opinion issued August 1, 2002










 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00219-CR

____________


OLIVER SIMMONS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 832,925






O P I N I O N

 A jury found appellant, Oliver Simmons, guilty of the felony offense of
possession of cocaine, weighing more than four grams and less than 200 grams. After
appellant pleaded true to two enhancement paragraphs, alleging prior felony
convictions, the jury assessed punishment at 28 years confinement. We affirm. 

Facts 

 While on patrol on January 7, 2000, at approximately 10:00 p.m., Houston
Police Officers Robert Speckman and Stephen Guerra saw a single-cab pick-up truck
parked in front of a house at 9310 Ashville. The officers saw appellant and Joe Green
leave the house, a known location for the sale of crack cocaine, and get into the
passenger's side of the truck, which was driven by Vincent Hopkins.

 As the men drove from the house, the officers saw that the truck's right brake
light was out. They followed the truck for a couple of blocks, and stopped it. Officer
Guerra shone a spotlight on the truck to see what the men were doing. Because the
truck's rear window was not tinted, the officers could see into it. Officer Speckman
saw appellant, who was sitting between Hopkins and Green, make "exaggerated
movements" by lifting his body and placing his hands to his sides. Officer Guerra
testified he saw appellant raise his body and make a quarter turn, "as if he were
putting something underneath his body." Both officers observed that only appellant
moved.

 Officer Speckman walked to the passenger's door, and, when he got to the
door, he saw appellant quickly remove his right hand from behind his back and place
it in his lap. Speckman then told appellant and Green to get out of the truck. When
appellant got out of the truck, Speckman saw a .25 caliber pistol on the seat where
appellant had been sitting. Speckman testified he told Officer Guerra, who was
speaking to Hopkins, that there was a gun on the seat, and Guerra then told Hopkins
to get out of the truck. Guerra recovered the gun and noticed "a clear plastic wrapper
laying [sic] in between the seats near the gun."

 Both appellant and Green were handcuffed and placed in the back of the patrol
car while Officer Guerra went to investigate the plastic wrapper he had seen in the
truck. Guerra noted that about one and one-half inches of the plastic wrapper was
sticking out of the crevice of the truck seat approximately two inches from where the
gun was previously lying. After removing the plastic wrapper from the crevice of the
seat, Guerra saw it contained a quarter "cookie" (1) of crack cocaine.

 Appellant was arrested for possession of the crack cocaine found in the truck
and was also charged with possession of the pistol. The officers testified that they
intended to release Green from custody because he was not suspected of any illegal
activity. However, Officer Speckman, before he unhandcuffed Green, checked the
back seat of the patrol car and found one-eighth of a crack cocaine cookie underneath
the seat where Green had been sitting. Green was then arrested for possession of the
crack cocaine found in the patrol car.

 In addition to the testimony of officers Guerra and Speckman, the State offered
the testimony of Green at trial. Green testified that he told appellant he was going to
the house to buy crack cocaine and that appellant went with him. Green stated that,
when he bought cocaine, he saw appellant speak to a woman who sold cocaine, but
he did not see appellant buy any cocaine. Green further testified that, when the
officers stopped the truck, both he and appellant were moving inside the truck. Green
stated that, when he saw the officers behind them, he immediately looked back, put
his seatbelt on, and put a can of beer he had been holding on the floor of the truck.

Sufficiency of the Evidence

 In his first point of error, appellant argues that the evidence was legally
insufficient to show that he intentionally or knowingly possessed the cocaine found
in the truck. In his second point of error, appellant argues that the evidence was
factually insufficient to show that he intentionally or knowingly possessed the
cocaine.

Legal Sufficiency

 In reviewing a legal sufficiency challenge, we inquire whether, after viewing
all the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

 In order to establish the unlawful possession of a controlled substance, the
State must prove that (1) the defendant exercised actual care, control, custody, or
management of it and (2) the defendant was conscious of his connection with it and
knew what it was. Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a)
(Vernon Supp. 2002); Gilbert v. State, 874 S.W.2d 290, 297 (Tex. App.--Houston
[1st Dist.] 1994, pet. ref'd).

 When an accused is not in exclusive control of the place where contraband is
found, the State must show additional affirmative links between the defendant and the
contraband. Villegas v. State, 871 S.W.2d 894, 896 (Tex. App.--Houston [1st Dist.]
1994, pet. ref'd). Texas courts have identified several factors that are pertinent in
determining whether affirmative links between a defendant and contraband exist. 
However, the number of factors met is not important. Hurtado v. State, 881 S.W.2d
738, 743 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). Rather, it is essential to
evaluate the "logical force of the evidence," or the degree to which the factors
affirmatively link the accused to the contraband. Id. Thus, our focus is on the proof
of the elements of the crime, not on how many factors cited in previous cases are
present here. The relevant factors include (1) whether the contraband was in plain
view; (2) whether it was conveniently accessible to the accused; (3) whether it was
found on the same side of the car as the accused; (4) whether it was found in an
enclosed space; and (5) whether the conduct of the accused indicated a consciousness
of guilt. Id. Each case must be examined on its own facts. Id. We, therefore,
examine this case on its facts.

 Officer Guerra testified that the gun was found lying in the center of the truck's
seat in the same location where appellant had been sitting. Guerra testified that the
plastic wrapper containing the crack cocaine was in the crevice between the seat
cushions, approximately two inches from the gun. Thus, there was evidence to
support jury findings that the cocaine was conveniently accessible to appellant, that
it was on the same side of the car as the accused, and that it was found in an enclosed
space (the car).

 Officer Guerra added that appellant raised his body, turned, and was moving
around as if he were putting something underneath him. Guerra testified that
appellant reached underneath himself and then turned forward. Guerra stated that he
took strong note of appellant's movements because the truck had just left a known
drug house and that appellant was the only person in the truck whom he saw move. 
Officer Speckman testified that he saw appellant pull his hands from behind him. 
Appellant's movements thus tend to show that he was conscious of the crack cocaine
and that he placed it in the crevice of the seat in an attempt to conceal it from the
officers. 

 After evaluating the evidence in the light most favorable to the verdict, we hold
that a rational trier of fact could have found, beyond a reasonable doubt, sufficient
affirmative links between appellant and the crack cocaine found in the truck. See
King, 29 S.W.3d at 562. We hold the evidence was legally sufficient to show
appellant possessed the cocaine found in the truck. Id.

 We overrule appellant's first point of error.

Factual Sufficiency

 In reviewing a factual sufficiency challenge, we inquire whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury's
determination or whether the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Id. at 563. In conducting the analysis, we may
disagree with the jury's determination, even if the probative evidence supports the
verdict, but we must avoid substituting our judgment for that of the fact finder. Id. 
Accordingly, we will reverse the fact finder's determination only if a manifest
injustice has occurred. Id.

 Appellant specifically argues that the following evidence tends to show that
Green, and not appellant, possessed the cocaine found in the truck: (1) appellant
merely accompanied Green to the house; (2) Green did not see appellant buy any
cocaine; (3) Hopkins and Green were in close proximity to the cocaine found in the
truck; (4) police did not check the plastic bag containing the cocaine for fingerprints;
and (5) the officers' testimony that appellant was moving in the truck is consistent
with appellant's having hidden the gun, rather than the cocaine. 

 There was no dispute that Green bought cocaine in the house on the same
evening appellant was arrested. The evidence that Green bought cocaine, however,
does not preclude a finding by the jury that appellant possessed cocaine. 
Furthermore, whether appellant knew why Green wanted to go to the house is also not
determinative of whether appellant, too, purchased cocaine when he got there or
whether appellant possessed the cocaine found in the truck. Green testified that
appellant went into the house and spoke to a woman who sold narcotics, but Green
did not see appellant buy any cocaine because Green went outside. Even though
Green did not see appellant actually purchase any cocaine, his testimony showed that
appellant had adequate opportunity to buy cocaine while in the house.

 The officers' testimony that they saw only appellant moving in the truck also
tends to show that appellant, and not Green or Hopkins, hid the cocaine. The officers
stated that appellant raised his body as if he were hiding something where he was
sitting. Appellant does not dispute that his movements would have allowed him to
conceal the pistol. Because the pistol was only two inches from where the cocaine
was placed between the seat cushions, the jury was free to believe that appellant also
placed the plastic bag containing the cocaine between the seat cushions and placed
the pistol beneath him. See Collins v. Smith, 53 S.W.3d 832, 836 (Tex.
App.--Houston [1st Dist.] 2001, no pet.) (holding jury is sole judge of credibility of
witnesses and weight to be given their testimony). The jury could also reasonably
believe, because the officers testified that they saw only appellant moving inside the
truck, that appellant, and not Hopkins or Green, hid the cocaine. Id. In addition, the
jury could reasonably believe that Green did not hide the cocaine he had purchased
in the truck, but took it with him to the patrol car. Finally, the fact that police did not
check the bag for fingerprints does not make it more likely that Green, rather than
appellant, hid the bag of cocaine behind the seat. After a neutral review of all of the
evidence, we conclude that the evidence was factually sufficient to support
appellant's conviction for possession of a controlled substance. King, 29 S.W.3d at
563.

 We overrule appellant's second point of error.

Jury Charge

 In his third and fifth points of error, appellant argues that the trial court erred
by not submitting a jury charge instruction that Green was an accomplice as a matter
of law and erred by including an instruction on the law of parties. He argues that both
errors caused him egregious harm.

 In addressing appellant's argument, we first must determine whether error
exists in the charge. Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986).
If error exists, we then must determine whether sufficient harm was caused by the
error to require reversal of the conviction. Id. Error which has been properly
preserved by objection will call for reversal unless the error is harmless. Almanza v.
State, 686 S.W.2d 157, 171-72 (Tex. Crim. App. 1984); Payne v. State, 33 S.W.3d
374, 375 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). When no proper
objection was made at trial, a reversal is proper only when the error resulted in
egregious harm. Id.; Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.--Houston [1st
Dist.] 2001, no pet.).

Accomplice Testimony

 Appellant argues that Green was an accomplice witness as a matter of law
because (1) Green was convicted of the same offense or a lesser included offense for
which appellant was indicted; (2) appellant's indictment stated that Green was a co-defendant; (3) the charge included an instruction on the law of parties; and (4) the
State referred to Green as appellant's co-defendant at trial.

 An accomplice witness is one who participates with a defendant before, during,
or after the commission of a crime. Kutzner v. State, 994 S.W.2d 180, 187 (Tex.
Crim. App. 1999). The participation must involve an affirmative act committed by
the witness to promote the commission of that offense. Id. In order to be an
accomplice as a matter of law, the witness must be susceptible to prosecution for the
same offense with which the accused is charged. Id. Only when there exists no
doubt, or when the evidence clearly shows that a witness is an accomplice witness as
a matter of law, is the trial judge under a duty to so instruct the jury. Id; Valencia v.
State, 51 S.W.3d 418, 422 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). 
Conversely, if the witness is not an accomplice as a matter of law, no instruction is
necessary. Valencia, 51 S.W.3d at 422. If there is a question of fact as to the
witness's status, the court should instruct the jury to decide the question. Id. The
testimony of an accomplice witness is insufficient to establish guilt, unless
corroborated. Tex. Code Crim. Proc. Ann. art 38.14 (Vernon 1979); Valencia, 51
S.W.3d at 422.

 First, we observe that Green was not convicted of the same or a lesser included
offense as was appellant. Although both Green and appellant were convicted of
possession of cocaine, Green was convicted of possessing the cocaine found in the
patrol car, and appellant was convicted of possessing the cocaine found in Hopkins's
truck. Moreover, Green was listed as a "co-defendant" under the heading of
appellant's indictment. The body of the indictment did not allege any facts
implicating Green in appellant's possession of the cocaine found in the truck. 
Appellant argues, nevertheless, that the instruction on the law of parties and the
State's reference to Green as a "co-defendant" made Green an accomplice as a matter
of law. We disagree.

 The issue is whether there was any evidence that Green was an accomplice as
a matter of law. Appellant has not directed us to any facts which indicate that Green
was an accomplice to appellant's possession of the cocaine found in the truck. The
State's references to Green as a "co-defendant" do not, by themselves, show that
Green committed an affirmative act to promote the commission of appellant's
possession of cocaine or that Green was susceptible to prosecution for the offense
with which appellant was charged. See Kutzner, 994 S.W.2d at 187. 

 We conclude that Green was not an accomplice as a matter of law. See Id. 
Therefore, appellant was not entitled to an accomplice witness instruction. See Id. 
Moreover, we observe that, even if Green was an accomplice witness, the testimony
of Officers Guerra and Speckman and the evidentiary factors recited above were
sufficient to convict appellant. Therefore, the failure to give an accomplice witness
instruction, even if error, was harmless. See Almanza, 686 S.W.2d at 171-72.

 We overrule appellant's third point of error.

Law of Parties

 Appellant argues the trial court erred in including an instruction on the law of
parties because there was no evidence which showed that appellant was a party to
Green's possession of the cocaine found in the patrol car. 

 An instruction on the law of parties may be given to the jury whenever there
is sufficient evidence to support a jury verdict that the defendant is criminally
responsible under the law of parties. Ladd v. State, 3 S.W. 3d 547, 564 (Tex. Crim.
App. 1999). A person is criminally responsible for an offense committed by the
conduct of another if, among other things, he acted with intent to promote or assist
the commission of the offense and he solicited, encouraged, directed, aided, or
attempted to aid the other person to commit the offense. Tex. Penal Code Ann. §
7.02(a)(2) (Vernon 1994).

 We have already concluded that the evidence was sufficient to show that
appellant possessed the cocaine found where he was sitting in the truck. Where the
evidence clearly supports a defendant's guilt as a principal actor, any error of the trial
court in charging on the law of parties is harmless. Ladd, 3 S.W.3d at 564-65. 
Without deciding that the trial court erred by including a parties charge, we conclude
that any error from such a charge would have been harmless. Almanza, 686 S.W.2d
171-72.

 We overrule appellant's fifth point of error.

Ineffective Assistance of Counsel

 In his fourth, sixth, seventh, and eighth points of error, appellant argues that
his trial counsel was ineffective. Specifically, appellant argues that his trial attorney
was ineffective because: (1) he did not object to the trial court's reading testimony
to the jury that exceeded the testimony in dispute; (2) he did not object to the
inclusion of the parties charge; (3) he did not object to the admission of "highly
prejudicial and irrelevant evidence," including Officer Speckman's testimony that
cocaine users generally buy pieces or rocks of crack cocaine and that dealers buy
larger portions of a crack cocaine cookie; and (4) he did not request an instruction on
accomplice witness testimony.

 To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). First, appellant must demonstrate that counsel's
representation fell below an objective standard of reasonableness under prevailing
professional norms. Howland v. State, 966 S.W.2d 98, 104 (Tex. App.--Houston [1st
Dist.] 1998), aff'd, 990 S.W.2d 274 (Tex. Crim. App. 1999). Second, appellant must
show that a reasonable probability exists that, but for counsel's unprofessional errors,
the result of the proceeding would have been different. Strickland, 466 U.S. at 694,
104 S. Ct. at 2068; Howland, 966 S.W.2d at 104. The appellant has the burden to
establish both of these prongs by a preponderance of the evidence. Jackson v. State,
973 S.W.2d 954, 956 (Tex. Crim. App. 1998); Davis v. State, 830 S.W.2d 762, 765
(Tex. App.--Houston [1st Dist.] 1992, pet. ref'd).

 Here, no motion for new trial was filed to determine whether trial counsel's
strategy was ineffective. We cannot speculate beyond the record provided. Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d
92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). Reviewing the record,
therefore, we must presume that appellant's trial counsel's strategy was sound. 
Gamble, 916 S.W.2d at 93. 

 Appellant has not shown by a preponderance of the evidence that, but for his
trial counsel's actions, the outcome of the trial would have been different. Howland,
966 S.W.2d at 104; Davis, 830 S.W.2d at 765.

 We overrule appellant's fourth, sixth, seventh, and eighth points of error. 






Conclusion

 We affirm the judgment of the trial court.

 


 Evelyn V. Keyes

 Justice


Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.
1. A "cookie" is a circular piece of crack cocaine that is generally broken down
into smaller units for retail sale.