

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00253-CR

**PEDRO PETE HERNANDEZ,**

                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

From the 54th District Court
McLennan County, Texas
Trial Court No. 2006-273-C2

## MEMORANDUM  OPINION

A jury convicted Pedro Pete Hernandez of murder and assessed his punishment at life imprisonment and a $10,000 fine.  Hernandez contends in his sole issue that the court erred by denying his requested jury instruction on "voluntary conduct, involuntary conduct and accidental gun discharge."  We will affirm.

Hernandez was charged with the murder of his paramour Lori Zarate.  On the occasion in question, Hernandez drove her to a local hospital and ran inside the

emergency room saying that she had been shot and needed help.  She died about thirty minutes later.

Hernandez testified that the shooting occurred when Zarate parked her car at a store.  As she parked the car, she told him she saw a man in the parking lot whom she feared because she had "told on" him for illegally crossing the border.  Hernandez was in the front passenger seat and reached between the driver's and passenger's seats for his semiautomatic handgun because he "thought that she was in danger."  According to Hernandez:

> I was looking to see where he was and I was grabbing the gun.  As I grabbed the gun, I'm looking to see who he was because there's a bunch of people in the parking lot.  That's when she says, don't point it this way, and I feel—do you know what I'm saying—pushing on the gun and it goes off.

The court denied Hernandez's request for the following jury instruction:

> You are instructed that a person commits an offense only if he voluntarily engages in conduct, including an act, omission, or possession. Conduct is not rendered involuntary merely because the person did not intend the results of his conduct.  Thus, if you believe from the evidence beyond a reasonable doubt that on the occasion in question, the Defendant, Pedro Pete Hernandez, did cause the death of Lori Zarate, by shooting her with a firearm, as alleged in the indictment, but you further believe from the evidence or you have a reasonable doubt thereof that the shooting was a result of an accidental discharge of the firearm and was not the voluntary act or conduct of the Defendant, you will acquit the Defendant and say by your verdict not guilty.

Section 6.01 of the Penal Code provides in pertinent part, "A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession."  TEX. PEN. CODE ANN. § 6.01(a) (Vernon 2003).  In *Rogers v. State*, 105

S.W.3d 630 (Tex. Crim. App. 2003), the Court of Criminal Appeals addressed what this requirement means.

"[T]he 'voluntary act' requirement does not necessarily go to the ultimate act (*e.g.*, pulling the trigger)." *Id.* at 638. Instead, "criminal responsibility for the harm must 'include an act' that is voluntary (*e.g.*, pulling the gun, pointing the gun, or cocking the hammer)." *Id.*

> "Voluntariness," within the meaning of Section 6.01(a), refers only to one's own physical body movements. If those physical movements are the nonvolitional result of someone else's act, are set in motion by some independent non-human force, are caused by a physical reflex or convulsion, or are the product of unconsciousness, hypnosis or other nonvolitional impetus, that movement is not voluntary.

*Id.*

A defendant is "entitled to an instruction on every defensive issue raised by the evidence, 'whether that evidence is weak or strong, unimpeached or uncontradicted, and regardless of what the trial court may or may not think about the credibility of the defense.'" *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008) (quoting *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996)).

According to our research, in most cases in which an appellant claimed that the firing of a weapon was not a voluntary act on his part, if the evidence showed that the appellant voluntarily wielded the gun, then the appellate court rejected the claim that a voluntariness instruction should have been given. *See Holmes v. State*, No. 01-06-00975-CR, 2008 Tex. App. LEXIS 2562, at *17-18 (Tex. App.—Houston [1st Dist.] Apr. 10, 2008, pet. ref'd) (not designated for publication); *Trujillo v. State*, 227 S.W.3d 164, 169-70 (Tex.

App.—Houston [1st Dist.] 2006, no pet.); *Mims v. State*, No. 12-02-00178-CR, 2004 Tex. App. LEXIS 4019, at *21-23 (Tex. App.—Tyler Apr. 30, 2004, pet. ref'd) (not designated for publication); *see also Cavazos v. State*, No. 05-05-1352-CR, 2006 Tex. App. LEXIS 9332, at *20-22 (Tex. App.—Dallas Oct. 27, 2006, pet. ref'd) (not designated for publication) (evidence legally and factually sufficient to prove appellant voluntarily engaged in conduct that caused victim's death). *Cf. Payne v. State*, 33 S.W.3d 374, 376 (Tex. App.— Houston [1st Dist.] 2000, pet. ref'd) (appellant entitled to voluntariness instruction where he held gun to victim's neck, they struggled, and the gun discharged when the victim slapped at the appellant's hand).[1]

Hernandez would be entitled to a voluntariness instruction only where there was some evidence that his acts were "the nonvolitional result of someone else's act, [were] set in motion by some independent non-human force, [were] caused by a physical reflex or convulsion, or [were] the product of unconsciousness, hypnosis or other nonvolitional impetus." *See Rogers*, 105 S.W.3d at 638. In *Payne*, the appellant's testimony provided some evidence that the victim's conduct caused the weapon to fire. *See Payne v. State*, 985 S.W.2d 682, 682-83 (Tex. App.—Houston [1st Dist.] 1999), *rev'd on other grounds*, 11 S.W.3d 231 (Tex. Crim. App. 2000).

Here, Hernandez offered no such evidence. He testified that Zarate told him not to point the gun at her and he felt some nonspecific "pushing on the gun." He voluntarily "pulled the gun." *See Rogers*, 105 S.W.3d at 638. Thus, the defensive issue of

---

[1] The facts in *Payne* are provided in more detail in the First Court's opinion on original submission. *See Payne v. State*, 985 S.W.2d 682, 682-83 (Tex. App.—Houston [1st Dist.] 1999), *rev'd on other grounds*, 11 S.W.3d 231 (Tex. Crim. App. 2000).

voluntariness was not raised by the evidence, and the court did not err by denying his requested instruction. *See Holmes*, 2008 Tex. App. LEXIS 2562, at *17-18; *Trujillo*, 227 S.W.3d at 169-70; *Mims*, 2004 Tex. App. LEXIS 4019, at *21-23.

We overrule Hernandez's sole issue and affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed August 5, 2009
Do not publish
[CRPM]


\*    (Chief Justice Gray concurs only in the judgment to the extent that it affirms the trial court's judgment. A separate opinion will not issue. He notes, however, that the trial court erred in not giving the defensive instruction on voluntary/involuntary act; the evidence though extraordinarily weak and only from the defendant's testimony supports the defense. And the Court of Criminal Appeals has made it clear that the instruction must be given when any evidence supports it. It cannot be the law, as argued by the State and the Court, that any voluntary act related to the offense negates the defense. Otherwise the voluntary act of gun ownership would eliminate the defense. This cannot be and is not the law. The voluntary act must be related specifically to the offense as charged. Only because the evidence of guilt of murder, including the intent to cause the victim's death, was so overwhelming, can I conclude beyond a reasonable doubt that the charge error was harmless.)