# NO. 12-23-00269-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM TRACEY BRUMIT,* *APPELLANT* | § | *APPEAL FROM THE 8TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

William Brumit appeals his conviction for possession of a firearm by a felon. In two issues, Appellant argues that (1) the trial court erred in instructing the jury in its charge that the jury could find Appellant "guilty" of the offense if it found he acted recklessly and (2) the trial court erred in overruling his objection to the prosecutor's jury argument during his trial on punishment. We affirm.

## BACKGROUND

On the night of December 8, 2021, diners at the Ranchero restaurant in West Tawakoni, Texas observed Appellant's attempting to confront Cynthia Toland, a waitress with whom Appellant was involved in a long-term, on-again-off-again relationship. Several restaurant patrons encouraged Appellant to leave the restaurant, and he did so. As a result of the encounter, Toland appeared to be afraid, and several of the restaurant's regular patrons became concerned for her

well-being and agreed to follow her home for her safety. As they did so, they observed a black truck driving aggressively and erratically, and they encouraged Toland to call the police.

Rains County Sheriff Michael Hopkins testified that his department received a 9-1-1 call from Toland complaining that Appellant was attempting to hit her vehicle with his black, Ford F-250 pickup truck. According to Hopkins, she also stated that there was a gun in Appellant's truck. Officers subsequently located the pickup truck and initiated a traffic stop. They identified Appellant as the truck's driver and sole occupant. Appellant denied having any firearms in the vehicle and granted officers consent to search the vehicle. During their ensuing search, officers located a 9-millimeter handgun in a leather saddle bag located on the passenger-side floorboard of the vehicle. When confronted with the weapon, Appellant denied knowledge of its presence in the vehicle, although he speculated as to its having been found in the saddlebag. But he admitted that it belonged to his friend. Nonetheless, he maintained ignorance of the gun's presence in the truck while he was driving it even though, at one point, he stated he forgot it was there. Appellant further notified officers that he was a felon and prohibited from carrying a firearm. After confirming Appellant's status as a felon, they placed him under arrest.

Appellant was charged by indictment with possession of a firearm by a felon and pleaded "not guilty." The matter proceeded to a jury trial. At the time of trial, Toland was suffering from terminal cancer and unable to testify in-person. Instead, she gave recorded testimony from her mother's house where she resided. During her testimony, she noted that her memory of the events of that evening were not very good, but she confirmed that she met Appellant at the restaurant and that he did not want her to leave without talking to him. She further testified to calling 9-1-1 "before they pulled me over" and meeting officers on the drive home. She stated that Appellant owned the 9-millimeter, Sig-Sauer pistol and that, ordinarily, he kept it in a saddlebag in the closet of their residence. She further stated that Appellant did not know the gun was in the vehicle at the time of his arrest and that, at some time prior to these events, she may have placed the saddlebag in the truck. Toland insisted that she did not know "this was going to happen," and described the matter as "a case that shouldn't have been a case."

Ultimately, the jury found Appellant "guilty" as charged. Following a trial on punishment, the jury assessed his punishment at imprisonment for eight years. The trial court sentenced Appellant accordingly, and this appeal followed.

**CHARGE INSTRUCTIONS - REQUISITE MENTAL STATE AND VOLUNTARY CONDUCT**

In his first issue, Appellant argues that the trial court erred in instructing the jury in its charge that it could find Appellant "guilty" of the offense if it found he acted recklessly.

**Standard of Review and Governing Law**

We review alleged jury charge error under a two-step process. *Barrios v. State*, 389 S.W.3d 382, 392 (Tex. App.–Texarkana 2012, pet. ref'd); *see Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Initially, we determine whether an error occurred, and then "determine whether sufficient harm resulted from the error to require reversal." *Abdnor*, 871 S.W.2d at 731–32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g), *reaffirmed by Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).

The trial court shall "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case [and] not expressing any opinion as to the weight of the evidence[.]" TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The trial court is required to instruct the jury on statutory defenses, affirmative defenses, and justifications when they are raised by the evidence. *Walters v. State*, 247 S.W.3d 204, 208–09 (Tex. Crim. App. 2007). "A trial court's decision to deny a defensive issue in a jury charge is reviewed for an abuse of discretion." *Gaspar v. State*, 327 S.W.3d 349, 355 (Tex. App.–Texarkana 2010, no pet.) (citing *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000)). When reviewing a trial court's decision to deny a requested defensive instruction, "we view the evidence in the light most favorable to the defendant's requested submission." *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

A defendant is entitled to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of the trial court's opinion about the credibility of the defense. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996); *VanBrackle v. State*, 179 S.W.3d 708, 712 (Tex. App.–Austin 2005, no pet.); *see also* TEX. PENAL CODE ANN. § 2.03(c) (West 2021). This rule is designed to ensure that the jury, not the trial court, will decide the relative credibility of the evidence. *Granger*, 3 S.W.3d at 38; *VanBrackle*, 179 S.W.3d at 712. A defendant need not testify in order to raise a defense. *Boget v. State*, 40 S.W.3d 624, 626 (Tex. App.–San Antonio 2001), *aff'd*, 74 S.W.3d 23, 31 (Tex. Crim. App. 2002). Defensive issues may be raised

by the testimony of any witnesses, even those called by the state. *Jackson v. State*, 110 S.W.3d 626, 631 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd).

**Discussion**

Appellant contends that the trial court abused its discretion by instructing the jury that it could find him "guilty" if it found that he acted recklessly. In support of this contention, Appellant argues that the trial court failed to consider whether his conduct was voluntary pursuant to Texas Penal Code, Section 6.01 and the effect of Section 6.01 on the requisite mental state for the offense under Texas Penal Code, Section 6.02. *See* TEX. PENAL CODE ANN. §§ 6.01, 6.02 (West 2021).

*Requisite Mental State*

Appellant was charged with intentionally, knowingly, or recklessly possessing a firearm after the fifth anniversary of his release from confinement following his conviction of a felony at a location other than the premises at which he resided. The penal code section for this offense lists no culpable mental state for commission of the offense. *See id.* § 46.04(a) (2) (West Supp. 2023). If the definition of an offense does not prescribe a culpable mental state, a culpable mental state nevertheless is required unless the definition plainly dispenses with any mental element. *See id.* § 6.02(b). If the definition of an offense does not prescribe a culpable mental state, but one nevertheless is required, intent, knowledge, or recklessness suffices to establish criminal responsibility. *See id.* § 6.02(c). Here, because the required, culpable, mental state is not set forth in the definition of the offense, we conclude that recklessness suffices to establish criminal responsibility. *See id.*; *see also Rice v. State*, No. 03-07-00446-CR, 2009 WL 790178, *3 n.5 (Tex. App.–Austin Mar. 26, 2009, no pet. (mem. op., not designated for publication); *DiCarlo v. State*, No. 03-97-00370-CR, 1998 WL 798592, at *2 (Tex. App.–Austin Nov. 19, 1998, no pet.) (op., not designated for publication).

*Voluntariness of Conduct*

Furthermore, to the extent Appellant contends that the trial court abused its discretion by failing to instruct the jury pursuant to Section 6.01, such a claim is unfounded. The issue of a defendant's "voluntariness of conduct" is separate from the issue of his mental state and relates only to the defendant's own physical body movements. *See Roby v. State*, 647 S.W.3d 747, 749 (Tex. App.–San Antonio 2021, no pet.) (citing *Febus v. State*, 542 S.W.3d 568, 574 (Tex. Crim. App. 2018)). Although the trial court must submit a charge setting forth the law applicable to the case, it has no duty sua sponte to instruct the jury on unrequested defensive issues. *See Posey v.*

***State***, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998); ***Roby***, 647 S.W.3d 749. "An unrequested defensive issue is not law applicable to the case." ***Taylor v. State***, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011); *see also* ***Vega v. State***, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013) ("A defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint"). The question of whether a defendant's conduct was voluntary is a defensive issue. *See* ***Roby***, 647 S.W.3d at 750; *see also* ***Perez Hernandez v. State***, No. 13-16-00696-CR, 2019 WL 2127895, at *14 (Tex. App.–Corpus Christi May 16, 2019) (mem. op., not designated for publication); ***Payne v. State***, 985 S.W.2d 682, 683 (Tex. App.–Houston [1st Dist.] 1999), *vacated on other grounds*, 11 S.W.3d 231 (Tex. Crim. App. 2000); ***Whitehead v. State***, 696 S.W.2d 221, 222 (Tex. App.–San Antonio 1985, pet. ref'd).

In the instant case, Appellant failed to request the submission of an instruction on the voluntariness of his conduct. Accordingly, we conclude that the trial court did not err in failing sua sponte to submit an instruction on this defensive issue in its charge.

## Summation

Based on the foregoing, we hold that the trial court did not err in instructing the jury that it could find Appellant "guilty" if it found that he acted recklessly in possessing the handgun at issue. We further hold that the trial court did not abuse its discretion in failing sua sponte to submit an instruction on the defensive issue of voluntary conduct. Appellant's first issue is overruled.

## JURY ARGUMENT

In his second issue, Appellant argues that the trial court abused its discretion by overruling his objection to the State's jury argument at the conclusion of his trial on punishment.

## Standard of Review and Governing Law

We review the trial court's ruling on an objection to jury argument for abuse of discretion. ***Smith v. State***, 483 S.W.3d 648, 657 (Tex. App.–Houston [14th Dist.] 2015, no pet.); *Nzewi v. State*, 359 S.W.3d 829, 841 (Tex. App.–Houston [14th Dist.] 2012, pet. ref'd). We analyze the argument in light of the entire record and not upon the argument's isolated occurrence. *See* ***DeLarue v. State***, 102 S.W.3d 388, 405 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). Proper jury argument (1) summarizes the evidence, (2) makes reasonable deductions

5

from the evidence, (3) responds to arguments of opposing counsel, or (4) pleads for law enforcement.  *See Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).

**Discussion**

In the instant case, during the trial on punishment, the prosecution made the following jury argument:

> The defendant is asking for mercy, which is compassion, not giving him what he deserves. That is what he's asking you to do.  It's your decision, not mine.  But I'm going to ask you -- my job is to see that justice is done, and that means giving him what he deserves.  He's been to prison and out twice.  You can consider all the punishment, all the evidence before you, including how he scared Ms. Toland and tried to run her off the road, how he scared Mr. Mosley trying to run into his car, how he threatened her, how she was so afraid, she had to get them to follow her home.  They agreed to follow her home.  You can consider all that evidence, the fact he's been to prison and back for several offenses.  He's not learned his lesson.  He can't do what we do in society.

> I'll let you listen to this and put yourself in the place of Ms. Toland.  Ask yourself, do you want this to happen to you?  How long does society need to be safe from a man who can't follow the law?  Listen to this.

Appellant objected to the prosecutor's "asking the jury to put themselves in the position of the victim[,]" and the trial court overruled Appellant's objection.  Thereafter, the audio recording of Toland's 9-1-1 call was played for the jury.

Appellant argues that the trial court abused its discretion in overruling his objection because the prosecutor's asking the jury to put itself in the victim's place falls outside of the boundaries of proper jury argument.   The State argues that when considered in the context of the entirety of the record, the statement falls within the permissible realm of proper jury argument. *See DeLarue*, 102 S.W.3d at 405.

The State first contends that the prosecutor's statement, "I'll let you listen to this and put yourself in the place of Ms. Toland[,]" is a direct response to Appellant's counsel's jury argument, in which he stated, "You heard the testimony of Cynthia Toland in the guilt/innocence phase of the case.  If you will remember what she said, she said that she hated that this turned into this, because she didn't mean for it to[.]"  We agree and, thus, conclude that the trial court properly could have determined that (1) this part of the prosecutor's argument was an appropriate response to Appellant's counsel's argument, by which he sought to have the jury focus on a portion of Toland's testimony which was more advantageous to his client, and (2) the State's responsive argument properly can be construed as its urging the jury to consider Toland's in-the-moment, fearful words as she attempted to drive home while Appellant attempted to run her vehicle off the road.  *See,*

*e.g.*, ***Torres v. State***, 92 S.W.3d 911, 922 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd) (argument was appropriate where jury asked to make reasonable deductions from evidence regarding degree of terror and pain experienced by complainant shortly before his death).

We next turn to the remainder of the prosecutor's argument, by which he queried, "How long does society need to be safe from a man who can't follow the law?" Based on our consideration of the entirety of the record, we cannot conclude that this statement, in combination with the preceding statement, lends further support to Appellant's argument that the State asked the jury to relinquish its objectivity. Instead, we conclude that the prosecutor's query falls squarely with the bounds of a plea for law enforcement, which is proper jury argument. *See **Wesbrook***, 29 S.W.3d at 115. Therefore, we hold that the trial court did not abuse its discretion by overruling Appellant's objection to the State's jury argument. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered May 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 15, 2024**

**NO. 12-23-00269-CR**

**WILLIAM TRACEY BRUMIT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 6303)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*